```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ANGIE CRUZ et al., on behalf of       :
themselves and all others similarly   :
situated,                             :         14-cv-4456 (JSR)
                                      :
                Plaintiffs,           :              ORDER
                                      :
        -v-                           :
                                      :
HOWARD ZUCKER, as Commissioner of the :
Department of Health,                 :
                                      :
                Defendant.            :
------------------------------------- x
```



JED S. RAKOFF, U.S.D.J.

Plaintiffs bring a class action alleging that New York wrongly denies Medicaid coverage for treatment of gender dysphoria in two material respects. First, they challenge N.Y. Comp. Codes R. & Regs. tit. 18, § 505.2(l), which provides coverage for gender reassignment surgery and hormone therapy but excludes coverage for individuals under eighteen (the "Age Exclusion"). Second, plaintiffs claim that § 505.2(l) wrongfully imposes a blanket ban on coverage of cosmetic procedures related to gender dysphoria, including medically necessary cosmetic procedures (the "Cosmetic Exclusion").

By Opinion and Order dated July 5, 2016, the Court granted summary judgment for plaintiffs on their Cosmetic Exclusion claim because the undisputed facts showed that the exclusion violated Medicaid's Availability and Comparability provisions. Cruz v. Zucker, No. 14-CV-4456 (JSR), 2016 WL 3660763, at *10 (S.D.N.Y. July 5, 2016) (the "Opinion and Order"). The Court denied plaintiffs summary judgment on their Age Exclusion claim because there were genuine disputes of material fact concerning (1) what treatments are medically

necessary for the treatment of gender dysphoria in minors; and (2) whether defendant has "a bona fide policy to exclude coverage of drug uses not listed in the Medicaid Compendia, and to what extent has this policy been applied consistently in the context of the provision of hormone therapies to treat individuals with gender dysphoria." Id. at *16.

Plaintiffs now move for reconsideration under Rule 60 because new evidence has emerged showing that there are no longer genuine disputes of material fact regarding their challenge to the Age Exclusion. Specifically, on October 5, 2016, defendant published a Notice of Proposed Rulemaking (the "October 2016 NPRM") which, if adopted, would "explicitly" authorize the New York Medicaid Program to "cover medically necessary surgeries and hormone therapies to treat gender dysphoria ('GD') in individuals under age 18." Def.'s Mem. in Opp. to Pls.' Mot. for Recons. ("Def.'s Opp.") at 1, ECF No. 146. Defendant agrees that by publishing the October 2016 NPRM, "there are no longer any disputed issues of fact regarding the two questions that the Court set down for trial." Id. at 2. Defendant nonetheless opposes reconsideration until the proposed new rule becomes final. Id.

Upon full consideration of the parties' briefs and oral arguments, the Court grants plaintiffs' motion. A memorandum explaining the reasons for this ruling will issue by no later than the end of November, at which time final judgment will be entered in plaintiffs' favor.

SO ORDERED.

2

Dated: New York, New York
       October 24, 2016

_____
JED S. RAKOFF, U.S.D.J.

3