```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
ANGIE CRUZ et al., on behalf of         :
themselves and all others similarly     :
situated,                               :       14-cv-4456 (JSR)
                                        :
                Plaintiffs,             :       MEMORANDUM ORDER
                                        :
                -v-                     :
                                        :
HOWARD ZUCKER, as Commissioner of the   :
Department of Health,                   :
                                        :
                Defendant.              :
---------------------------------------- x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/16

JED S. RAKOFF, U.S.D.J.

By bottom-line Order dated October 24, 2016, this Court granted plaintiffs' motion for reconsideration of the Court's Opinion and Order dated July 5, 2016, Cruz v. Zucker, No. 14-CV-4456 (JSR), 2016 WL 3660763 (S.D.N.Y. July 5, 2016) (the "July 5, 2016 Opinion and Order"), based on the new developments. This Memorandum Order explains the reasons for the Court's ruling and directs the entry of final judgment for the plaintiffs.

Plaintiffs bring a class action pursuant to 42 U.S.C. § 1983 alleging that New York wrongly denies Medicaid coverage for treatment of gender dysphoria in two material respects. First, they challenge N.Y. Comp. Codes R. & Regs. tit. 18, § 505.2(l), which provides coverage for gender reassignment surgery and hormone therapy but excludes coverage for individuals under eighteen (the "Age Exclusion"). Second, plaintiffs claim that § 505.2(l) wrongfully imposes a blanket ban on coverage of cosmetic procedures related to gender dysphoria, including medically necessary cosmetic procedures (the "Cosmetic Exclusion").

In its July 5, 2016 Opinion and Order, the Court granted summary judgment in favor of plaintiffs on their Cosmetic Exclusion claim because the undisputed facts showed that the exclusion violated Medicaid's Availability and Comparability provisions. Cruz, 2016 WL 3660763, at *10. However, the Court denied summary judgment in plaintiffs' favor on their Age Exclusion claim because there were genuine disputes of material fact concerning (1) what treatments are medically necessary for the treatment of gender dysphoria in minors; and (2) whether defendant has "a bona fide policy to exclude coverage of drug uses not listed in the Medicaid Compendia, and to what extent has this policy been applied consistently in the context of the provision of hormone therapies to treat individuals with gender dysphoria." Id. at *16.

Plaintiffs thereafter moved for reconsideration under Rule 60 after new evidence emerged showing that there were no longer genuine disputes of material fact regarding plaintiffs' challenge to the Age Exclusion. Specifically, on October 5, 2016, defendant published, pursuant to the New York State Administrative Procedures Act ("SAPA"), a Notice of Proposed Rulemaking (the "October 2016 NPRM") that, if adopted, would "explicitly" authorize the New York Medicaid Program to "cover medically necessary surgeries and hormone therapies to treat gender dysphoria ('GD') in individuals under age 18." Def.'s Mem. in Opp. to Pls.' Mot. for Recons. ("Def.'s Opp.") at 1, ECF No. 146. Although the October 2016 NPRM is subject to a 45-day public comment period, after which defendant must assess the public comments,

respond, and only then may adopt the proposed rule as final, id., defendant agrees that by publishing the October 2016 NPRM, defendant has effectively conceded that plaintiffs' view of the remaining factual issues is correct, and that, as defendant expressly states, "there are no longer any disputed issues of fact regarding the two questions that the Court set down for trial." Def.'s Opp. at 2.

Defendant nonetheless opposes reconsideration and entry of judgment until such time, if ever, that defendant adopts the proposed rule as final, for which SAPA imposes no deadline. Id. Defendant argues that this is necessary as a matter of "economy" as well as "federalism." The Court is unpersuaded.

Defendant's admission that there are no longer any disputed issues of fact regarding the Age Exclusion establishes an ongoing and continuing violation of federal law. Defendant does not contest that each day the Age Exclusion remains in effect, minors suffering from gender dysphoria cannot receive Medicaid coverage for medically necessary treatments. Defendant also does not contest that federal law mandates coverage for such medically necessary assistance. See Cruz, 2016 WL 3660763, at *11-16. Moreover, defendant concedes that, even though the defendant now agrees with the plaintiffs as to both the facts and the law, there still remains the theoretical possibility that the proposed rule may not ultimately be adopted.[1] Thus, contrary

---

[1] The following colloquy occurred during oral argument on the motion for reconsideration:

> THE COURT: Suppose the department receives public comment hypothetically that says, your rule is nonsense . . . . Then you

to defendant's argument, "economy" is in fact better served through the immediate grant of final judgment in plaintiffs' favor, so that those who are now entitled under federal law to the benefits that the state's current regulation arguably deprives them of will have immediate relief.

Defendant's appeal to federalism likewise falls flat, for we are dealing here with a federal right. As the Second Circuit has stated, 42 U.S.C. § 1983 assigns "federal courts a 'paramount' role in protecting federal rights," Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006) (quoting Patsy v. Bd. of Regents, 457 U.S. 496, 503, 506 (1982)), and a § 1983 plaintiff bringing a claim under the Medicaid Act need not first exhaust state remedies. Id. at 56-58. This rationale applies even more forcefully to the present case. Having failed to accord plaintiffs their full federal rights for most of the two-and-a-half years since this litigation was commenced, the defendant waited until just eight days before the scheduled trial of the remaining claims to promulgate a proposed regulation that may eventually implement those rights. Under these circumstances,

---

would have to reconsider whether or not to change your mind. Right?

MR. ARZ: Your Honor, it doesn't require that the department has to change anything. It has to respond.

THE COURT: Well, it has to respond, but surely you're not telling me that . . . regardless of the comments received, your mind is made up and all you do is issue some rote response. You're not saying that, are you?

MR. ARZ: Of course not, your Honor.

defendant fails to show that the delay and uncertainties imposed by SAPA warrant denying plaintiffs immediate relief. See id. at 57.

For the foregoing reasons, the Court grants plaintiffs' motion for reconsideration of the July 5, 2016 Opinion and Order and hereby directs the entry of final judgment for the plaintiffs in all respects.

SO ORDERED.

Dated: New York, New York
       November 14, 2016

_____
JED S. RAKOFF, U.S.D.J.

---

Transcript dated Oct. 17, 2016 at 10-11.